**U.S. Department of Justice**

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Filed  12-21-05

LORETTA G. WHYTE
CLERK

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

Dorothy Manning Taylor
Assistant United States Attorney

*Hale Boggs Federal Building*
*500B Poydras Street, Second Floor*
*New Orleans, LA  70130*

Telephone: *(504) 680-3083*
Fax: *(504) 589-4510*

December 15, 2005        05-cr-263"L"

Michael Walsh, Esq.
LEE & WALSH
628 North Boulevard
Baton Rouge, LA  70802

Re:  <u>United States v. Southeastern Louisiana Water and Sewerage Company</u>

Dear Mr. Walsh:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Southeastern Louisiana Water and Sewer Company, Inc. (The Company), the defendant in the above-captioned proceeding.  As defendant's counsel, you have reviewed the terms of this agreement and has been advised by The Company that The Company fully understands the terms of this agreement.  The Company by resolution attached hereto has authorized you to enter into this plea agreement.

The Company understands that the maximum penalty it faces for violation of the Clean Water Act, Title 33, United States Code, §§ 1319(c)(2)(A),1311(a) and 1342, is a fine not less than $5,000 nor more than $50,000 per day of violation, and five years probation.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and The Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, The Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing.  Failure to pay this special assessment may result in the plea agreement being void.

Michael Walsh, Esq.
Page -2-
December 15, 2005

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and The Company, the Government and The Company agree and stipulate to the following plea and sentence applicable to this case:

(1) The Company shall plead guilty to the one count Bill of Information charging The Company with a felony violation of the Clean Water Act, 33 USC §§ 1319(c)(2)(A), 1311(a) and 1342 arising from The Company's activities in connection with the operation of sewerage treatment plants (Plants) in St. Tammany Parish in violation of their NPDES permit and in some instances operation without a permit, as more thoroughly described in the Factual Basis submitted herewith;

(2) In exchange for The Company's guilty plea, the Government agrees that it will not bring any other felony charges against The Company, arising from or related to the activities described in paragraph (1) and more specifically set forth in the Factual Basis;

(3) The Company shall be placed on probation for a term of five (5) years, unless shortened during the term thereof by the Court; during the time of probation The Company will implement an environmental compliance program approved by the Environmental Protection Agency (EPA);

(4) At the beginning of this criminal investigation and prosecution, the Government and The Company agreed that a proper resolution could be accomplished only if The Company corrected the many longstanding problems and the violations which occurred from 1991 through 2002. Accordingly, The Company agreed to make major environmental changes to correct this historical systematic non-compliance and, to that end, has expended approximately $12,000,000. The Company further agrees that it will expend another approximate $862,000 for additional improvements. Based upon the expenditure of approximately $12,862,000 by the Company prior to the signing of this plea agreement, the Government agrees to accept $2,100,000 as an appropriate punitive fine amount;

Michael Walsh, Esq.
Page -3-
December 15, 2005

      (5)   The fine shall be paid as follows: (1) The Company shall pay $2,000 a month for the first thirty-six (36) months of probation; (2) the remaining balance to be paid according to a mutually agreed upon schedule between The Company and the United States Probation Office; and (3) in the event moneys are still owed at the termination of probation, The Company shall sign a promissory note with judicial interest for any remaining amount; and

      (6)   The Company shall also pay a mandatory special assessment fee of $400.00 under the provisions of 18 USC 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, The Company has the right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, The Company hereby expressly waives the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on The Company, and The Company further agrees not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The Company, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, The Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The stated $2,100,000 fine is the total amount to be paid by The Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The

Michael Walsh, Esq.
Page -4-
December 15, 2005


Company agrees that the fine and restitution will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of as to this obligation.

　　　　　The Company understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government in the Eastern District of Louisiana and that there are no other agreements, letters or notations that will affect this agreement.

　　　　　　　　　　　　　　　　　Very truly yours,


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　DOROTHY MANNING TAYLOR
　　　　　　　　　　　　　　　　　Assistant United States Attorney


SOUTHEASTERN LOUISIANA
WATER AND SEWER COMPANY, INC.

By: _____　　　12-21-05
Jared Rieke, Chief Executive Officer　　　　　Date